UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**SEAN P. GILLAND,**
                **Plaintiff**

**v.**                                      Civil Action No.
                                                3:05CV252-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                **Defendant**

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's request for appointment of counsel. Also pending is defendant's motion to dismiss for failure to exhaust remedies.

Civil litigants are not entitled to appointment of counsel at the government's expense. See Anderson v. Sheppard, 856 F.2d 741 (6th Cir. 1988)(quoting Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1118 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980)). Title 28, United States Code, section 1915(d) indicates that court-enlisted assistance of counsel is not mandatory, but merely a matter of discretion. See, e.g., Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). "[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right." Id. (quoting United States v. Madden, 352 F.2d 792, 793 (9th Cir. 1965)). Furthermore, appointment of counsel is justified only in exceptional circumstances. See Lavado v. Keohane, 992 F.2d 601, 605-606 (6th Cir. 1993)(*citing Lopez v. Reves*, 692 F.2d 15, 17 (5th Cir. 1982); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). Plaintiff has not set forth any

1

exceptional circumstances warranting appointment of counsel at this time.

Because of the pendency of the request for appointment of counsel, plaintiff may not have fully understood the responsibility to respond to the Commissioner's motion to dismiss. While this Court cannot give legal advice, it should be noted that the specific question raised by the motion is why plaintiff did not proceed through the administrative steps within the time limits provided.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for appointment of counsel is denied.

2. The time for plaintiff's response to defendant's motion to dismiss is extended and the written response shall be filed with the Court, with a copy provided to defendant's counsel, no later than August 22, 2005. Defendant may reply within twelve days thereafter, whereupon the motion shall stand submitted for decision.